IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>ROGER S. BLISS, et al.<br><br>DEFENDANTS. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:15-cv-00098-RJS<br><br>Judge: Robert J. Shelby |

The Securities and Exchange Commission brought this enforcement action against a former day trader, Defendant Roger Bliss. The court froze Mr. Bliss's assets and appointed a Receiver to locate, take control of, and preserve the assets. Lakeview Custom Cabins, LLC moves to intervene, claiming it has an interest in property the Receiver has seized—a cabin Lakeview built for Mr. Bliss. For the reasons stated below, the court grants Lakeview's motion.

## BACKGROUND

The Commission's enforcement action is based on allegations that Mr. Bliss violated the securities laws while running a so-called investment club in which he purported to use investors' funds to day trade stock.[1] In February 2015, the court froze Mr. Bliss's assets and enjoined him from day trading.[2]

Lakeview acted as the general contractor for construction of a cabin Mr. Bliss built in Bear Lake County, Idaho.[3] In May 2015, Lakeview filed an amended lien on the cabin and sued Mr. Bliss in Idaho state court, alleging that Mr. Bliss failed to pay the company for its services

---

[1] Dkt. 1.
[2] Dkt. 8–9.
[3] Dkt. 54.

1

and materials.[4]  In June 2015, the court appointed Tammy Georgelas as the Receiver and stayed all ancillary litigation, including foreclosure actions involving the receivership property.[5] Shortly after her appointment, the Receiver took control of the cabin.  Lakeview moves the court to intervene, arguing that it has an interest in the cabin and the court's Order Appointing Receiver and Staying Litigation impairs that interest.[6]

## DISCUSSION

Federal Rule of Civil Procedure 24 provides for both permissive intervention and intervention as of right.  Lakeview seeks to intervene as of right.[7]  To determine whether to grant Lakeview's motion, the court must ask whether "(1) the application is 'timely'; (2) 'the applicant claims an interest relating to the property or transaction which is the subject of the action'; (3) the applicant's interest 'may as a practical matter' be 'impair[ed] or impede[d]'; and (4) 'the applicant's interest is adequately represented by existing parties.'"[8]  The Tenth Circuit "follows a somewhat liberal line in allowing intervention"[9] and has stated that "[t]he central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention."[10]

**I. Timeliness**

Rule 24(a) requires an intervenor "timely" file its motion.[11]  The timeliness of a motion to intervene depends on "the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual

---

[4] Dkt. 54.
[5] Dkt. 39.
[6] Dkt. 54.
[7] *Id.*
[8] *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (quoting Fed. R. Civ. P. 24(a)).
[9] *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (citation omitted) (internal quotation marks omitted).
[10] *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007) (en banc).
[11] Fed. R. Civ. P. 24(a).

circumstances."[12]

Lakeview meets the timeliness requirement.  The company submitted its motion on July 13, 2015, within two weeks of receiving notice of the Order Appointing Receiver and Staying Litigation.  The Commission and Receiver argue that Lakeview's motion was not timely, because Lakeview sought intervention before the Receiver fully marshaled and liquidated Mr. Bliss's estate.  But neither the Commission nor the Receiver cites a case standing for the proposition that courts must deny a motion to intervene because it was filed too early.

Further, allowing Lakeview to intervene will not unduly prejudice the parties at this stage.  Lakeview's intervention will have limited impact—it will not allow Lakeview to foreclose on the cabin; it will merely allow Lakeview to petition the court for affirmative relief from the court's freeze order.  The court concludes that Lakeview's motion is timely.

**II. Property Interest**

Next, an intervening party must demonstrate that it has "an interest relating to the property or transaction which is the subject of the action."[13]  The interest should be "direct, substantial, and legally protectable."[14]

The parties agree that Lakeview's interest is its lien on the cabin.  The Commission, however, argues that "[t]he subject of the current action is a securities fraud and not a property in Idaho."[15]  But "[t]he interest of the intervenor is not measured by the particular issue before the court but instead measured by whether the interest the intervenor claims is *related to the*

---

[12] *Clinton*, 255 F.3d at 1250 (citation omitted).
[13] Fed. R. Civ. P. 24(a)(2).
[14] *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996); *see also San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1192–94 (10th Cir. 2007) (en banc) (noting that, while the "direct, substantial, and legally protectable" interest test is problematic, it is not "error for a court addressing an application for intervention to consider whether the prospective intervenor's interest is direct, substantial, and legally protectable").
[15] Dkt. 72.

*property that is the subject of the action.*[16] Lakeview here claims an interest in its lien on the cabin—a direct, substantial, and legally protectable interest that relates to the subject of the action because it is a part of the receivership estate.[17] Lakeview has a sufficient interest in this case.

### III. Impaired Interest

Intervenors must also show that disposition of the matter in which it seeks to intervene would "impair or impede [its] ability to protect [its] interest."[18] "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal."[19]

Lakeview has met its "minimal burden" under the Tenth Circuit's liberal application of the intervention requirements. Lakeview argues its lien may be extinguished under Idaho law if it is not allowed to intervene and pursue affirmative relief from the court's Order Appointing Receiver and Staying Litigation. Lakeview's ability to protect its interest in the lien may be impaired if the court denies intervention.

### IV. Inadequate Representation of Lakeview's Interest

Because Lakeview has met the first three requirements of Rule 24(a), the court must grant its motion to intervene "unless existing parties adequately represent [Lakeview's] interest."[20] Lakeview's burden is again minimal; it must merely show that the other party's

---

[16] *Clinton*, 255 F.3d at 1252.
[17] *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (stating that "an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund").
[18] *Clinton*, 255 F.3d at 1253.
[19] *Id.* (citation omitted) (internal quotation marks omitted); *see also San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc) ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." (citation omitted)).
[20] Fed. R. Civ. P. 24(a)(2).

"representation [of its interests] 'may' be inadequate."[21] "The possibility that the interests of the applicant and the parties may diverge need not be great" to satisfy this low burden.[22]

Lakeview has met its burden by showing that its objective (foreclosing on the cabin) differs from the Receiver's objective (preventing a foreclosure on the cabin). In other words, the parties' objectives are at odds because the parties seek different interests in the cabin. No existing party adequately represents Lakeview's interest.

## CONCLUSION

For the reasons stated, the court GRANTS Lakeview's Motion to Intervene (Dkt. 54). This Order has a narrow effect—Lakeview may intervene and move the court for affirmative relief. At this stage, the court expresses no view on Lakeview's substantive arguments on its ability to enforce its lien. Rather, the court simply concludes that Lakeview may intervene to be heard on that issue.

SO ORDERED this 29th day of September, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[21] *Clinton*, 255 F.3d at 1254; *see also Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) ("The requirement of . . . Rule [24(a)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." (citation omitted)).
[22] *Clinton*, 255 F.3d at 1254 (citation omitted) (internal quotation marks omitted).