IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROGER S. BLISS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:15-cv-00098-RJS<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Chief District Judge Robert J. Shelby referred the following motions in this action to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A):[1] Receiver Tammy B. Georgelas's ("Receiver") (1) motions for supplemental proceedings against Desert Hill Ventures, Inc. ("Desert Hill")[2] and David Hill ("Mr. Hill");[3] and (2) motion for supplemental proceedings against Spring Grove Investments, L.L.C. ("Spring Grove").[4]  The court has carefully reviewed the written memoranda submitted by the parties.  Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda.

---

[1] ECF No. 273.

[2] ECF No. 269.

[3] ECF No. 271.

[4] ECF No. 270.

Based upon the analysis set forth below, the Receiver's motions are granted in part and denied in part.

## BACKGROUND

On June 10, 2015, Chief Judge Shelby entered an Order appointing the Receiver in this action.[5] As a court-appointed receiver, the Receiver brought ancillary actions against Desert Hill,[6] Mr. Hill,[7] and Spring Grove.[8] In those actions, Chief Judge Shelby entered Orders of Final Judgment against: Desert Hill in the total amount of $356,552.13;[9] Mr. Hill in the total amount of $161,327.13;[10] and Spring Grove in the total amount of $879,150.82.[11] Chief Judge Shelby subsequently ordered the Receiver to conduct any collection efforts on the judgments in this action.[12]

The Receiver now moves for supplemental proceedings to obtain discovery regarding the assets of Desert Hill, Mr. Hill, and Spring Grove. The Receiver also seeks to enjoin those parties from transferring or alienating any of their respective assets. Desert Hill and Mr. Hill, as

---

[5] ECF No. 39.

[6] 2:16-cv-00514-RJS.

[7] 2:16-cv-00522-RJS.

[8] 2:16-cv-00534-RJS.

[9] 2:16-cv-00514-RJS, ECF No. 46.

[10] 2:16-cv-00522-RJS, ECF No. 44.

[11] 2:16-cv-00534-RJS, ECF No. 44.

[12] ECF No. 273.

principal of Desert Hill, filed a combined opposition to the Receiver's motions against them.[13] Spring Grove also filed an opposition to the motion against it.[14] The Receiver filed a reply in support of her motions against Desert Hill and Mr. Hill.[15] With leave of court,[16] Desert Hill and Mr. Hill filed a sur-reply,[17] as well as an evidentiary objection directed at the Receiver's reply.[18]

## LEGAL STANDARDS

Fed. R. Civ. P. 69(a)(1) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Thus, in this case, the court looks to the Utah Rules of Civil Procedure. Utah R. Civ. P. 64(c)(2) provides: "The court may conduct hearings as necessary to identify property and to apply the property toward the satisfaction of the judgment or order. Witnesses may be subpoenaed to appear, testify and produce records. The court may permit discovery."

---

[13] ECF No. 272.

[14] ECF No. 290.

[15] ECF No. 277.

[16] ECF No. 286.

[17] ECF No. 287.

[18] ECF No. 282.

This court's local rules also provide the authority for a judgment creditor to institute supplemental proceedings. DUCivR 69-1(a) provides that "[a]ny party having a final judgment on which execution may issue may make a motion to have the judgment debtor or other person in possession of, or having information relating to, property or other assets that may be subject to execution or distraint appear in court and answer concerning such property or assets." DUCivR 69-1(b) states that when a motion is made under that rule, it "will be presented to a magistrate judge and the matter calendared before the magistrate judge for hearing to require the debtor or other person to be examined."

With respect to restraining a judgment debtor's property, Utah R. Civ. P. 64(c)(3) provides that "[t]he court may forbid any person from transferring, disposing or interfering with the property." To that end, DUCivR 69-1(a) states that "[t]he moving party, on proper affidavit, may request that the debtor or other person be ordered to refrain from alienation or disposition of the property or assets in any way detrimental to the moving party's interest." At the same time, DUCivR 69-1(b) provides that "[i]n any case in which the moving party seeks a restraint of the debtor's or other person's property, the magistrate judge will make findings and a report for the district judge with an order for restraint that the district judge may issue." To make such findings, the magistrate judge needs evidence from the "proper affidavit."

## **ANALYSIS**

The court first addresses the motions for supplemental proceedings against Desert Hill and Mr. Hill followed by the motion for supplemental proceedings against Spring Grove. For the reasons stated below, the Receiver's motions are granted in part and denied in part.

## I.     Desert Hill and Mr. Hill

The Receiver's motions against Desert Hill and Mr. Hill request orders: (A) requiring Desert Hill and Mr. Hill to each appear at an in-person hearing to answer questions under oath about their respective assets and to each produce documents and other items 14 days in advance of their respective hearings; and (B) enjoining Desert Hill and Mr. Hill from transferring or alienating any of their respective assets.  The court addresses those requests in turn below.  For the following reasons, the court grants in part and denies in part the Receiver's first requests and denies her second request without prejudice.

### A.     The Court Grants in Part and Denies in Part the Receiver's First Requests.

The Receiver correctly asserts that she has valid, enforceable judgments against Desert Hill and Mr. Hill and that those judgments are not stayed.  Desert Hill and Mr. Hill do not dispute those facts.  Therefore, under the foregoing legal standards, the Receiver has established all that is required to permit discovery into Desert Hill's and Mr. Hill's respective assets and to require them to appear at a hearing to answer questions under oath about their respective assets.  Accordingly, the court grants the portion of the Receiver's motion requesting hearings and the production of documents and other items 14 days in advance of the respective hearings.  However, the court denies the Receiver's requests for in-person hearings.  Instead, given the ongoing nature of the COVID-19 pandemic, the court will order the hearings to be held by remote means.  After issuing this Memorandum Decision and Order, the court will issue separate Orders scheduling the respective hearings and requiring the production of documents and other items.

### B. The Court Denies the Receiver's Second Request Without Prejudice.

For the following two reasons, the court denies the Receiver's motion for an order precluding Desert Hill and Mr. Hill from transferring or alienating any of their respective assets. First, this court cannot grant the Receiver's requested relief. As stated above, DUCivR 69-1(a) provides that "[t]he moving party, on proper affidavit, may request that the debtor or other person be ordered to refrain from alienation or disposition of the property or assets in any way detrimental to the moving party's interest." However, DUCivR 69-1(b) does not allow a magistrate judge to make that final determination. Instead, in such a circumstance, DUCivR 69-1(b) provides that "the magistrate judge will make findings and a report for the district judge with an order for restraint that the district judge may issue." Thus, although this court may make a recommendation to Chief Judge Shelby about whether Desert Hill's and Mr. Hill's assets should be restrained, it cannot order that relief.

Second, the Receiver's motions and affidavits are not "proper" under DUCivR 69-1(a). Indeed, the motions and affidavits primarily contain conclusory statements that are unsupported by citations to evidence. Through their briefing on the Receiver's motions, the parties have submitted some evidence concerning Desert Hill's and Mr. Hill's conduct and assets, but it is far from an adequate record to inform this court on those issues.[19]

For those reasons, the Receiver's second request is denied without prejudice. The Receiver may renew her motion, but any such motion must include a "proper affidavit" under

---

[19] Because it was unnecessary here for the court to resolve any of the factual issues raised in the parties' briefing, the court overrules as moot Desert Hills and Mr. Hill's evidentiary objection. ECF No. 282.

DUCivR 69-1(a) that provides Desert Hill and Mr. Hill with an opportunity to fully respond to the Receiver's allegations and evidence and permits this court to render a recommendation to Chief Judge Shelby on the issue of restraining Desert Hill's and Mr. Hill's assets.

**II.     Spring Grove**

In her motion against Spring Grove, the Receiver again requests court orders: (A) requiring Spring Grove to appear at an in-person hearing to answer questions under oath about its assets and to produce documents and other items 14 days in advance of the hearing; and (B) enjoining Spring Grove from transferring or alienating any of its assets. The court addresses those requests in turn below. For the following reasons, the court grants in part and denies in part the Receiver's first requests and denies her second request without prejudice.

In its response to the Receiver's motion, Spring Grove objects only to having its hearing held in person. Spring Grove contends that the hearing should be held in Texas, where its authorized representatives reside, or by remote means. Accordingly, because they are unopposed, the court grants the portion of the Receiver's motion requesting a hearing and the production of documents and other items 14 days in advance of the hearing. At the same time, for the reasons set forth above, the court denies the Receiver's request for an in-person hearing. The court will order Spring Grove's hearing to be held by remote means. As for the Receiver's second request, her motion and affidavit against Spring Grove suffer from the same deficiencies as the motions and affidavits addressed above. Accordingly, for the same reasons stated above, the court denies the Receiver's second request without prejudice. After issuing this Memorandum Decision and Order, the court will issue a separate Order scheduling the hearing and requiring the production of documents and other items.

## **CONCLUSION AND ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. The Receiver's motions for supplemental proceedings against Desert Hill[20] and Mr. Hill[21] are GRANTED IN PART and DENIED IN PART.

2. The Receiver's motion for supplemental proceedings against Spring Grove[22] is GRANTED IN PART and DENIED IN PART.

3. The court will issue separate Orders scheduling the supplemental proceedings consistent with this Memorandum Decision and Order.

IT IS SO ORDERED.

DATED April 27, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[20] ECF No. 269.

[21] ECF No. 271.

[22] ECF No. 270.