Katherine E. Venti (9318)
Brian M. Rothschild (15316)
John L. Cooper (16025)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
kventi@parsonsbehle.com
brothschild@parsonsbehle.com
jcooper@parsonsbehle.com

*Attorneys for the Receiver Tammy B. Georgelas*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>ROGER S. BLISS, an individual and ROGER S. BLISS d/b/a ROGER BLISS AND ASSOCIATES EQUITIES, LLC a Utah Limited Liability Company, ROGER BLISS AND ASSOCIATES CLUB LLC, and BLISS CLUB LLC,<br><br>    Defendants. | **MOTION FOR TRANSFER OF NEW ANCILLARY CASE AGAINST JAMES MICHAEL HILL, JR., ET AL.**<br><br>Case No. 2:15-cv-00098-RJS<br><br>Judge Robert J. Shelby |

Pursuant to Local Rule DUCivR 83-2, Plaintiff, Tammy B. Georgelas (the "Receiver"), as Receiver for Roger S. Bliss, Roger Bliss and Associates Equities, LLC, Roger Bliss and Associates Club LLC, and Bliss Club LLC (collectively the "Bliss Enterprise"), through counsel, submits this Motion for Transfer of New Ancillary Case against defendants James Michael Hill, Jr., David Hill,

1

4856-8153-7545.v1

Lauren Hill, Cynthia Goosby, Penelope Hill, and John Doe, as Personal Representative of Estate of James Michael Hill, Sr.

I.     **PRECISE RELIEF SOUGHT AND GROUNDS FOR THE MOTION**

The Receiver recently filed new ancillary case No. 2:21-cv-00441-DBB against defendants James Michael Hill, Jr., David Hill, Lauren Hill, Cynthia Goosby, Penelope Hill, and John Doe, as Personal Representative of Estate of James Michael Hill, Sr. (the "Spring Grove Alter Ego Case") alleging such defendants can be held liable for the judgment entered against Spring Grove Investments, LLC in the ancillary case against Spring Grove Investments, case no. 2:16-cv-00534-RJS (the "Spring Grove Investments Case"). The Spring Grove Investment Case is in the post-judgment collection stage and is now assigned to this Court under the above captioned case (the "Main Receivership Case"). The Receiver requests that the Spring Grove Alter Ego Case be transferred to this Court because it is closely related to the Spring Grove Investment Case.

"Whenever two or more related cases are pending before different judges of this court, any party to the later-filed case may file a motion and proposed order to transfer the case to the judge with the lower-numbered case." Local Rule DUCivR 83-2(g).  The Spring Grove Alter Ego Case was originally assigned to Magistrate Judge Jared C. Bennett, presumably by the Court's automated case assignment system, and then randomly reassigned to Judge David Barlow. However, the existing related case against Spring Grove Investments is assigned to this Court, under the lower-numbered Main Receivership Case.  The Spring Grove Alter Ego Case and the Spring Grove Investment Case cases "arise from the same or a closely related transaction[s] or event[s]"—the fraudulent transfers from the Bliss Enterprise to Spring Grove, and they also "involve substantially the same parties or property"—the Receiver, and the alleged insiders and

2

controlling members of Spring Grove Investments.  Accordingly, pursuant to DUCivR 83-2 and in the interests of efficiency and judicial economy, the Receiver respectfully requests that the Spring Grove Alter Ego Case be reassigned to this Court.

II.     **PROCEDURAL BACKGROUND**

This matter was originally filed on February 11, 2015.  On June 10, 2015, the Court entered an Order Appointing Receiver and Staying Litigation appointing Tammy Georgelas as receiver for the Bliss Enterprise. (*See* Dkt. 39.)  The Receiver was appointed to, among other things, investigate the Bliss Enterprise and pursue lawsuits to recover property of the estate.  The Receiver subsequently commenced numerous ancillary claw back lawsuits seeking to recover funds or property—against Bliss family members and "net winner" investors who recovered more from the Bliss Enterprise's investment scheme than they contributed to it.  (Receiver's Motion for Order Transferring Case 2, Dkt. 169.)  The Spring Grove Investment Case is one of three remaining cases that have not been fully resolved.  This Court entered and Order of Final Judgment against Spring Grove Investments in favor of the Receiver and against Spring Grove Investments in the amount of $879,150.82 on December 15, 2020. (*See* Dkt. 46, Case No. 2:16-cv-00534, Order of Final Judgment.)  As per this Court's order of January 27, 2021, the clerk was directed to close the Spring Grove Investment Case and this Court determined that any issues with regard to collection efforts would be handled under this Main Receivership Case.  (*Id.*, Dkt. 45.) Since the Judgment's entry, the Receiver has been proceeding with collection activities against Spring Grove Investments under the Main Receivership Case before this Court.

### III. ARGUMENT

The Spring Grove Alter Ego Case should be transferred to this Court. Among the Receiver's new claims against the named are claims brought under the Utah Uniform Voidable Transactions Act ("UVTA") and a claim for equitable relief making the named defendants co-liable on the judgment against Spring Grove under a veil piercing/alter ego theory. Because the Receiver is seeking to make the named defendants co-liable on the Judgment already entered against Spring Grove Investments, the Spring Grove Alter Ego Case and the Spring Grove Investment Case are intertwined, and the same judge should preside over both cases. In addition, this Court has presided over all of the ancillary cases related to the Bliss Enterprise since the appointment of the Receiver. Consistency in adjudication of such cases also warrants transfer of the Spring Grove Alter Ego Case to this Court.

### A. The Factors Identified in DUCivR 83-2 Support Transferring the Hill Alter Ego Case to This Court.

Under Local Rule DUCivR 83-2,

To determine whether the case should be transferred, the court may consider the following factors:

> (1) Whether the cases arise from the same or a closely related transaction or event;
> (2) Whether the cases involve substantially the same parties or property;
> (3) Whether the cases involve the same patent, trademark, or copyright;
> (4) Whether the cases call for a determination of the same or substantially related questions of law and fact;
> (5) Whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges;
> (6) Whether there is risk of inconsistent verdicts or outcomes;
> (7) Whether the motion has been brought for an improper purpose, or
> (8) Other factors as provided by case law.

Local Rule DUCivR 83-2(g). Here, the relevant factors 1, 2, 4, 5, 6, and 7 support transfer.

4

With regard to factors 1 and 2, both the Spring Grove Alter Ego Case and the Spring Grove Investment Case arise from the same Ponzi scheme operated by Roger Bliss. While some of the Receiver's UVTA claims are also connected to subsequent transfers made by Spring Grove Investments to the named defendants in the Spring Grove Alter Ego Case, the Receiver is the plaintiff in both cases and is seeking to recover money that was fraudulently transferred to Spring Grove Investments, which the Receiver alleges is an alter ego of James Michael Hill, Jr., David Hill, Lauren Hill, Cynthia Goosby, Penelope Hill, and James Michael Hill, Sr., and was then subsequently transferred to such individuals. The Receiver alleges in her Second Amended Complaint, that the named defendants in the Spring Grove Alter Ego Case are each, and respectively, insiders, members, or managers of Spring Grove Investments, and are each in control of Spring Grove Investments. The Receiver also alleges that, with the exception of Penelope Hill (James Michael Hill Sr.'s widow) each named defendant was an Owner/Key Individual of Spring Grove and had control over Spring Grove Investments only assets—the Fraudulent Transfers received from the Bliss Ponzi scheme.  Accordingly, the parties to both cases are substantially the same: the Receiver, James Michael Hill, Jr., David Hill, Lauren Hill, Cynthia Goosby, Penelope Hill, and James Michael Hill, Sr., and Spring Grove Investment's—such individual's alleged alter ego.

As to factor 4, the collection of the Judgment from Spring Grove Investments will involve the determination of questions of law and fact related to James Michael Hill, Jr., David Hill, Lauren Hill, Cynthia Goosby, Penelope Hill, and James Michael Hill, Sr.'s respective connections to Spring Grove Investments. A determination by the Court of whether Spring Grove Investments is the alter ego of the respective individuals is a fact-based determination that will substantially

impact the actions the Receiver will need to take to collect the Judgment. Given the Receiver's investigation revealed Spring Grove Investments has paid substantially all the assets that it received during its entire operational history, including all of the fraudulent transfers received from the Bliss Ponzi scheme, to the named defendants in the Spring Grove Alter Ego Case, collection of the Judgment is connected to both those individuals and Spring Grove Investments.

Allowing the Spring Grove Alter Ego Case and the Spring Grove Investment Case to be heard by different judges could result in unnecessary court costs or delays. Given this Court's familiarity with the factual and legal issues already raised in the Main Receivership and the Ancillary Cases, and the general nature of the Receiver's claims, it is most efficient for this Court to make the determinations required for the Hill Alter Ego Case. Given the complex history of the Main Receivership case and the ancillary cases, a newly assigned judge will need to devote additional time to get up to speed on the issues and claims beyond what will be required of this Court. This could result in duplication of labor, unnecessary court costs, or unnecessary delay.

Although perhaps low, there is a risk of inconsistent verdicts if the Spring Grove Alter Ego Case is not transferred to this Court. This Court could make determinations regarding the collection of the Judgment in the Spring Grove Investment case that could be inconsistent with the determination by another Court regarding the claims raised in the Alter Ego Case, which may affect relief provided to the Bliss victims. Transferring the Spring Grove Alter Ego Case to this Court will eliminate any "risk of inconsistent verdicts or outcomes" (DUCivR 83-2(g)(6)) because this Court will be presiding over both cases.

Finally, this motion has not been brought for an improper purpose. Rather the Receiver brings this motion to facilitate the prompt resolution of the Spring Grove Alter Ego Case by having

4856-8153-7545.v1

it transferred to this Court, which is familiar with the Bliss Receivership cases. Accordingly, the transfer of all the Spring Grove Alter Ego Case may result in a savings of time and effort for all parties and the court.

### B. Transfer Will Not Prejudice Defendant Due to the Current Procedural Status of the Hill Alter Ego Case.

The Receiver filed her original complaint against defendants James Michael Hill, Jr., David Hill, Lauren Hill, Cynthia Goosby, Penelope Hill, and John Doe, as Personal Representative of Estate of James Michael Hill, Sr. on July 7, 2021. (*See* Dkt.2, Case No. 2:21-cv-00441.)  The Receiver received permission to file her Second Amended Complaint in the Spring Grove Alter Ego Case on January 4, 2022. (*See* Dkt. 32, Case No. 2:21-cv-00441.)  The Receiver filed the Second Amended Complaint on January 10, 2022 after receiving confirmation from counsel for defendants that he was authorized to accept service.  (*Id.* Dkt. 33.) As of the date of this filing, no answer or motion has been filed by any of the named defendants. Named defendants James Michael Hill, Jr., David Hill, Lauren Hill, Cynthia Goosby, Penelope Hill, and John Doe, as Personal Representative of Estate of James Michael Hill, Sr. will suffer no prejudice by transfer at this early procedural juncture.

4856-8153-7545.v1

## IV. CONCLUSION

For the reasons stated above, the Receiver respectfully requests that the Court grant her motion and transfer the Spring Grove Alter Ego Case to this Court.

Date: January 10, 2022.

PARSONS BEHLE & LATIMER

/s/ *Katherine Venti*
Katherine E. Venti
Brian M. Rothschild
John L. Cooper
*Attorneys for Plaintiff the Receiver Tammy B. Georgelas*

4856-8153-7545.v1

**CERTIFICATE OF SERVICE**

I certify that, on January 10, 2022, I caused the foregoing **MOTION FOR TRANSFER OF NEW ANCILLARY CASE AGAINST JAMES MICHAEL HILL, JR. ET AL.** to be electronically filed using the CM/ECF system, which sends notification of the filing to counsel of record and sent via email to:

Jeffrey A. Balls
PARR BROWN GEE & LOVELESS
jballs@parrbrown.com
*Counsel for defendants James Michael Hill, Jr., David Hill Lauren Hill, Cynthia Goosby, Penelope Hill, and John Doe, as Personal Representative of Estate of James Michael Hill, Sr.*

/s/ *Katherine Venti*

9

4856-8153-7545.v1